OPINION
This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant Dean Truman Lane, Jr., appeals his conviction for aggravated assault following a trial by jury. For the reasons that follow, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
On the evening of January 30, 1999, the victim, Scott Melnik ("Melnik"), was at a local bar in Ashtabula, Ohio, after having dinner with his girlfriend and another couple at a restaurant earlier that night. At around 2:00 a.m., Melnik and several of his friends became involved in a fight with appellant and other patrons at the bar. During the resulting altercation, Melnik was stabbed three times in the chest. He was rushed to the Ashtabula County Medical Center Emergency Room where it was decided to life-flight him to Cleveland MetroHealth Medical Center. There, Melnik stayed overnight and received treatment for his wounds.
Based on a subsequent investigation, appellant was indicted by the Ashtabula County Grand Jury on April 4, 1999 on one count of felonious assault in violation of R.C. 2903.11(A)(2). He entered a plea of not guilty, and the matter proceeded to a jury trial on July 27, 1999. Following the close of all of the evidence and arguments, the jury acquitted appellant of the felonious assault charge. However, the jury did find appellant guilty of the inferior offense of aggravated assault in violation of R.C. 2903.12.
Following the preparation of a presentence investigation report, a sentencing hearing was held on September 14, 1999 at which time the trial court sentenced appellant to thirteen months in prison. From that judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our review:
 "[1.] The trial court erred to the prejudice of appellant when it accepted the jury's verdict of `guilty' to the offense of aggravated assault in violation of Ohio Revised Code Section 2903.12 and entered a judgment of conviction on that verdict, the evidence being insufficient as a matter of law.
 "[2.] The trial court erred to the prejudice of the appellant when it accepted the jury's verdict of `guilty' to the offense of aggravated assault in violation of Ohio Revised Code Section 2903.12 and entered a judgment of conviction on that verdict in contravention of the Double Jeopardy Clause of the United States and Ohio Constitutions.
 "[3.] The trial court erred to the prejudice of the appellant when it imposed a sentence greater than the minimum sentence for a fourth degree felony."
In his first assignment of error, appellant maintains that the jury's verdict was not supported by sufficient evidence because there was no evidence presented showing that he was acting under the influence of sudden passion or in a sudden fit of rage. However, while appellant couches this argument in the form of a sufficiency analysis, in actuality, the crux of his position is that the trial court erred in suasponte instructing the jury on aggravated assault as an alternative to felonious assault. Thus, the issue we must resolve is whether there was any evidence produced at trial to support a finding that appellant was acting under the influence of sudden passion or rage occasioned by Melnik.
The trial court in the case at bar instructed the jury regarding the elements of both felonious assault and aggravated assault. Appellant did not object to allowing the jury to consider both offenses. As a result, he has waived all but plain error with respect to the instruction in question. Crim.R. 30(A) provides in pertinent part:
 "On appeal, a party may not assign as error the giving * * * [of] any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Pursuant to this rule, the failure to object to a jury instruction in a timely fashion generally constitutes a waiver on any claimed error relative to the instructions. State v. Holley (Dec. 17, 1999), Ashtabula App. No. 98-A-0089, unreported, at 26, 1999 Ohio App. LEXIS 6101. Under Crim.R. 52(B), however, this court has the power to recognize plain error or defects involving substantial rights even if they were not brought to the attention of the trial court. State v. Moreland (1990),50 Ohio St.3d 58, 62.
In the context of a criminal case, a court of review should invoke the plain error doctrine with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.State v. Jenks (1991), 61 Ohio St.3d 259, 282; State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus; Holley at 26. Accordingly, it is generally accepted that plain error does not exist unless, but for the error, the outcome of the proceeding would have been different. Jenks at 282; Moreland at 62; Long at paragraph two of the syllabus; Holley at 26-27.
As we noted above, appellant was initially indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. This statute provides in part:
"(A) No person shall knowingly:
"(1) * * *
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
However, he was ultimately convicted of aggravated assault in violation of R.C. 2903.12, a felony of the fourth degree, which reads in relevant part:
 "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 "(1) Cause serious physical harm to another or to another's unborn:
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
As can be seen from the two statutes, the elements of felonious assault and aggravated assault are virtually identical. In fact, the only notable difference is that the offense is mitigated down from felonious assault to aggravated assault when the offender acts while under the influence of sudden passion or rage brought on by serious provocation occasioned by the victim.
Aggravated assault, however, is not a lesser included offense of felonious assault. State v. Deem (1988), 40 Ohio St.3d 205, 210. Rather, the former is an inferior degree of the latter because the crime of aggravated assault contains additional mitigating circumstances, to wit: sudden passion or a sudden fit of rage brought on by serious provocation occasioned by the victim. Id. at 210-211. See, also, Statev. Hayes (Sept. 30, 1999), Ashtabula App. No. 97-A-0067, unreported, at 10, 1999 Ohio App. LEXIS 4645; State v. Calabrese (Feb. 9, 1996), Lake App. No. 95-L-054, unreported, at 13, 1996 Ohio App. LEXIS 416.
The Supreme Court of Ohio has explained that "an offense is an `inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements which will generally be presented in the defendant's case." Deem at 209. Nevertheless, as with lesser included offenses, a court should instruct on the inferior degree of the charged offense only when the evidence presented at trial is such that the jury could both reasonably acquit the offender of the charged offense while convicting him of the inferior degree offense. Id. at 211; Statev. Perry (Aug. 29, 1997), Trumbull App. No. 94-T-5165, unreported, at 10-11, 1997 Ohio App. LEXIS 3884. Thus, because appellant was charged with felonious assault, the jury had to be instructed on aggravated assault if sufficient evidence was presented showing serious provocation.
In Deem, the court set out the following definition to use when determining the quantity of evidence necessary to warrant an instruction for aggravated assault:
 "Provocation, to be serious, must be reasonably sufficient to bring an extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." Deem
at paragraph five of the syllabus. See, also, State v. Shaffer (Dec. 22, 1995), Trumbull App. No. 94-T-5101, unreported, at 19, 1995 Ohio App. LEXIS 5726.
At trial, two distinct versions of the night's events developed. According to the prosecution, Melnik was confronted by an intoxicated Bruce Mason ("Mason") while sitting at the bar. Wanting to be left alone, Melnik repeatedly pushed Mason away, eventually striking Mason in the face and knocking him to the ground. It was at this time, the prosecution contends, appellant first attacked Melnik, causing the ensuing brawl to erupt. After some time, Melnik was able to extricate himself from the fight on the upper level of the bar and retreat down the steps. Shortly thereafter, appellant once again charged Melnik. Here is when the prosecution believes the stab wounds were inflicted. Melnik, however, testified that he never saw appellant with a knife. Nevertheless, four other witnesses testified at trial that they observed a knife or razor blade in appellant's hand shortly after the fight.
Although he did not testify himself, appellant's defense was two-fold: (1) he did not stab Melnik, and (2) Melnik started the fight with appellant. In support, appellant presented his own witnesses at trial who testified that after Melnik knocked Mason to the ground, Melnik became belligerent and made several obscene gestures in the direction of appellant and his friends. Appellant subsequently approached Melnik in an effort to calm him down. However, when the two men converged, Melnik punched appellant in the face. Thus, according to the defense, it was Melnik and not appellant who started the fight.
Based on this evidence, the trial court decided that the jury should also be instructed on aggravated assault. After looking at the record, we are of the same opinion. In resolving the conflicts in the testimony, the jury certainly could have concluded that appellant was acting under the influence of sudden passion or rage brought on by the actions of the victim. However, even if Melnik may have started the altercation, that did not give appellant the right to escalate the matter by drawing a knife and stabbing the victim three times. Self-defense was never alleged. Thus, even if appellant was not the initial aggressor, the jury could still reasonably find that he was guilty of aggravated assault because if appellant's witnesses were believed, there was evidence that he was acting under the influence of sudden passion or in a sudden fit of rage. As a result, the trial court's decision to instruct the jury on aggravated assault was not error, let alone, plain error. For the stated reasons, appellant's first assignment of error is without merit.
In assignment of error two, appellant posits that if an aggravated assault instruction was appropriate, the trial court then erred by giving the jury an instruction that misstated the applicable law. Specifically, he argues that a court cannot instruct the jury to first consider felonious assault in their deliberations, and only if they acquit the offender of that charge, to consider aggravated assault.
As we noted earlier, appellant failed to object to the jury instructions with respect to either felonious assault or aggravated assault. Therefore, this court is limited in its review to determining whether the trial court's erroneous instructions amounted to plain error.
When reviewing the validity of a particular jury instruction, the challenged instruction may not be reviewed in isolation, but must be reviewed within the context of the entire charge. State v. Burchfield
(1993), 66 Ohio St.3d 261; State v. Baksi (Dec. 23, 1999), Trumbull App. No. 98-T-0123, unreported, at 34, 1999 Ohio App. LEXIS 6271. "`Reversible error ordinarily can not be predicated upon one paragraph, one sentence, or one phrase of the general charge to the jury. Where the court's charge to the jury, considered as a whole, is not prejudicial * * *, no reversible error results from a misstatement or ambiguity in a portion thereof. * * *'" (Citation omitted.) State v. Rice (Oct. 28, 1988), Lake App. Nos. 12-267 and 13-001, unreported, at 15, 1988 Ohio App. LEXIS 4313, quoting Snyder v. Stanford (1985), 15 Ohio St.3d 31, paragraph three of the syllabus.
Therefore, even if the instruction complained of was incorrect, the instruction did not constitute plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial would have been different. Long at paragraph two of the syllabus; State v. Kimbrough
(July 9, 1999), Lake App. No. 97-L-274, unreported, at 10, 1999 Ohio App. LEXIS 3252.
The trial court initially gave the jury the following erroneous oral instructions:
 "If you find that the State of Ohio failed to prove beyond a reasonable doubt any of the essential elements of Felonious Assault, then your verdict must be not guilty of the offense. And in that event, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all of the essential elements of the lesser included offense of Aggravated Assault."
Under this instruction, the jury was directed to continue deliberations even after finding appellant not guilty of the charged offense. Appellant, however, argues that if the jury found him not guilty of felonious assault, they could not have properly continued their deliberations and subsequently find him guilty of aggravated assault because the offenses contain the same principle elements.
Appellant is correct in so far as the trial court initially presented the jury with an improper instruction. In State v. Carter (1985),23 Ohio App.3d 27, paragraph two of the syllabus, the court held that "[i]t is error for the trial court to instruct the jury that their method of deliberation is to consider the charge of felonious assault first and to consider the charge of aggravated assault only if they find the defendant not guilty of felonious assault."[1]
This court reached a similar conclusion in State v. Baker (June 16, 1989), Trumbull App. No. 3971, unreported, at 13, 1989 Ohio App. LEXIS 2302, when we held that the trial court erred when instructing the jury to first acquit the defendant of felonious assault before considering the inferior offense of aggravated assault. There, as here, the trial court classified aggravated assault as a lesser included offense of felonious assault. Accordingly, we reversed the judgment of the trial court and remanded the matter for a new trial. Id. at 16. See, also, State v.Roberts (1996), 109 Ohio App.3d 634; State v. Jennings (Nov. 9, 1999), Richland App. No. 98-CA-114, unreported, 1999 Ohio App. LEXIS 5277.
Appellee argues that appellant was not prejudiced by the improper instruction because when the oral charge is reviewed in its entirety, the trial court did, in fact, subsequently set out the appropriate procedure by which the jury should conduct its deliberations. In doing so, appellee maintains that the final substantive instruction, included below, concerning the relationship between felonious assault and aggravated assault was clearly a correct statement of the law applicable to this case.
Even though the initial oral instruction was incorrect, we conclude that appellant has failed to demonstrate any error in the trial court's overall instructions to the jury that rose to the level of plain error.
Before releasing the jury to begin its deliberations, the trial court gave the following oral instruction:
 "So let me summarize. If you find that the State proved beyond a reasonable doubt that the defendant, Dean T. Lane, Jr., knowingly attempted to cause physical harm to Scott Melnik by means of a deadly weapon, and if you find that the defendant, Dean T. Lane, Jr., failed to prove by a preponderance of the evidence that he acted while he was under the influence of a sudden fit of rage or sudden passion, either of which was brought on by the serious provocation occasioned by Scott Melnik which was reasonably sufficient to incite him, Dean T. Lane, Jr., into using deadly force, the you must find Dean T. Lane, Jr., guilty of Felonious Assault.
 "If you find that the State proved beyond a reasonable doubt that the defendant, Dean T. Lane, Jr., knowingly attempted to cause physical harm to Scott Melnik by means of a deadly weapon, but you also find that the defendant proved beyond a preponderance of the evidence that he acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by Scott Melnik that was reasonably sufficient to incite him, Dean T. Lane, Jr., into using deadly force, then you must find the defendant guilty of Aggravated Assault."
The facts in the instant matter are very similar to those in State v.Robinson (June 1, 1995), Cuyahoga App. No. 67363, unreported, 1995 Ohio App. LEXIS 2339. In Robinson, the trial court initially incorrectly instructed the jury that if it found the defendant not guilty of felonious assault, the jury was then required to continue its deliberations and consider whether the defendant was guilty of aggravated assault. However, prior to allowing the jury to retire, the trial court correctly instructed the jury that if it found the defendant guilty of felonious assault, it then had to consider whether the defendant acted under the influence of sudden passion or in a fit of rage, either of which was brought on by serious provocation occasioned by the victim.
On appeal, the defendant argued that the trial court erred in instructing the jury that it must first acquit him of felonious assault before considering aggravated assault. While the Eighth District Court of Appeals agreed with him, the court ultimately upheld the defendant's conviction, holding that there was no plain error because the trial court gave the jury a corrective instruction. Robinson at 7-8.
We find the reasoning in Robinson to be persuasive. Here, the second statement made by the trial court accurately reflects the law in this regard.[2] Moreover, because we review jury instructions in their entirety to determine prejudicial error, we cannot say that the outcome of the trial would have been different without the erroneous instruction. Kimbrough at 12-13 (holding that there was no plain error where the trial court gave an incorrect definition of "attempt" after properly giving the jury the correct definition earlier in the instructions). In the instant matter, by finding appellant guilty of aggravated assault, the jury necessarily found that every element of felonious assault had also been met. Otherwise, the jury would have been required to acquit appellant of both charges. Appellant's second assignment of error is without merit.
In his final assignment of error, appellant argues that the trial court erred in sentencing him to more than the minimum prison term for aggravated assault. According to appellant, the trial court never made a finding that the shortest prison term would demean the seriousness of his conduct, or that the shortest term would fail to adequately protect the public from future crime committed by him. We agree.
Under the prior law governing sentencing, trial courts were not required to explain their findings of fact or reasons for a particular sentence. State v. Brown (1984), 12 Ohio St.3d 147. Now, however, R.C.2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. However, the Supreme Court of Ohio has noted that:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. (Emphasis in the original.) See, also, State v. Rone
(Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported, at 2, 1998 WL 964297.
In the case at bar, the sentencing entry contains no discussion of either statutory factor under R.C. 2929.14(B). It merely provides in pertinent part that:
 "The court further finds that the victim suffered physical harm; the defendant committed the offense while on probation; has a history of criminal convictions; alcohol/drug abuse pattern related to the offense; and defendant is not amenable to community control and that prison is consistent with the purpose of R.C. 2929.11"
The transcript of the sentencing hearing fails to specifically address either of the two factors as well. Before sentencing appellant, the trial court made the following observation:
 "Mr. Lane, I have a series of factors I need to consider in every case. And there are the more serious, the less serious, what is called recidivism that you're going to commit additional offenses or what's going to make recidivism less likely. And looking at the factors that I have to consider on the more serious consideration is the fact that the victim suffered some serious physical injuries. He was taken to the hospital. Those wounds may not be deep, but they were multiple and they could have caused a great deal of bleeding. In fact they did.
"* * *
 "I've got to take into consideration the fact more likely you are going to commit offenses, that you committed this offense while under sanction or probation. You've got a lengthy history of violent offenses, including three domestic violence, and with this conviction, you have five assault violations four assaults and aggravated assault.
 "You've not responded favorably to the sanctions previously imposed, and it would appear that there's an alcohol or drug abuse pattern which you've not dealt with in the past. And you have not spent, despite the fact you've been in and out of our system for the past nine years dating back to 18 when you were charged with carrying a concealed weapon, you got a fine back then. You have never spent more that just a few days in jail at one particular time. And maybe you just figure you can talk yourself out or maybe these weren't serious enough. Now they're serious enough. You've got a felony conviction."
After reviewing both the sentencing entry and the transcript from the sentencing hearing, we conclude that the trial court did not make either of the required two findings to support appellant's sentence in accordance with Edmonson. From the record before us, there is no confirmation that the trial court considered imposing the minimum sentence for the offense and then departed from the statutorily mandated minimum based on one or both of the permitted reasons. See, generally,State v. Barnes (July 21, 2000), Portage App. No. 98-P-0052, unreported, 2000 Ohio App. LEXIS 3294; State v. South (June 23, 2000), Portage App. No. 98-P-0050, unreported, 2000 Ohio App. LEXIS 2768; State v. Finks
(June 9, 2000), Portage App. No. 98-P-0129, unreported, 2000 Ohio App. LEXIS 2488. Accordingly, appellant's third assignment of error has merit.
Upon remand, the trial court must resentence appellant in accordance with R.C. 2929.14(B). If, upon reconsideration, the court determines that it wishes to impose more then the minimum sentence, the trial court must specify on the record either that the shortest prison term would demean the seriousness of the conduct, or that the minimum sentence would not adequately protect the public from future crime by the offender. We recognize that this remand may appear to be an exercise in futility, nevertheless, this court is required to enforce what we perceive to be statutory mandates.
Based on the foregoing analysis, appellant's first and second assignments of error lack merit. Appellant's third assignment of error is meritorious. Therefore, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for purposes of resentencing in accordance with this opinion.
 _____________________________ JUDITH A. CHRISTLEY, JUDGE
FORD, P.J., O'NEILL, J., concur.
[1] The relationship between felonious assault and aggravated assault is analogous to that of murder and voluntary manslaughter. There, if the jury finds that the defendant purposely caused the death of another, it must then consider whether the defendant proved, by a preponderance of the evidence, that he acted under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the defendant into using deadly force. State v. Rhodes (1992),63 Ohio St.3d 613.
[2] The trial court's subsequent instruction is virtually identical to the example provided in 4 Ohio Jury Instructions (2000), Section 503.11, at 135-136.