OPINION
{¶ 1} Appellant, Michael W. Nichols, Jr., appeals from the judgment of the Lake County Court of Common Pleas, finding him guilty of felonious assault, and sentencing him to five years imprisonment. We reverse, and remand the matter for a new trial.
 {¶ 2} April 21, 2004, the Lake County Grand Jury indicted Mr. Nichols on one count of felonious assault, a second degree felony in violation of R.C. 2903.11(A)(1), for *Page 2 
a fight occurring February 12, 2004, at the Madtown Lounge in Lake County, Ohio. Jury trial commenced November 1, 2004; November 4, 2004, the jury returned a verdict of guilty. December 15, 2004, sentencing hearing was held. By a judgment entry filed December 22, 2004, the trial court imposed a five year prison term on Mr. Nichols, and ordered him to make restitution of $38,145.00 to his victim, Peter Mussell.
 {¶ 3} Mr. Nichols timely appealed, assigning seven errors. February 28, 2006, two days prior to oral argument of his appeal, Mr. Nichols moved this court to file, instanter, a supplemental assignment of error.State v. Nichols, 11th Dist. No. 2005-L-017, 2006-Ohio-2934, at ¶ 27 ("Nichols I"). At trial, Mr. Nichols' counsel had moved the court for an instruction on aggravated assault, based on evidence of serious provocation to Mr. Nichols in committing the assault. The state did not object. The trial court thereupon gave the following instruction:
 {¶ 4} "Now there is a second matter and as you read the form it gives the statement that I already stated we, the jury, duly impaneled, sworn and affirmed find the defendant, Michael Nichols, Jr. asterisk blank of felonious assault and then under that statement is a label that says or lesser included offense. Now if you find that the defendant is not guilty of Count 1 or that you cannot find that he is guilty of Count 1 then you will determine the lesser included offense.
 {¶ 5} "Now the lesser included offense is not given to you as an option or a stop gap or a means of balancing the equities that's not your job, if you find the State has failed to prove its case in the main charge then you may consider the lesser included offense. The lesser included offense is a charge of aggravated assault."
 {¶ 6} By his supplemental assignment of error, Mr. Nichols alleged: *Page 3 
 {¶ 7} "The trial court committed plain error when it gave an incorrect instruction as to an offense of an inferior degree in violation of the defendant-appellant's rights to due process and fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article 1 of the Ohio Constitution."
 {¶ 8} By an opinion filed June 9, 2006, we overruled six of Mr. Nichols' seven original assignments of error, and affirmed his conviction. Nichols I at ¶ 102. We found merit in his seventh assignment of error, which challenged the validity of his sentence, on the basis ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Nichols I at ¶ 99-102. Consequently, we vacated his sentence, and remanded to the trial court for resentencing. Id. at ¶ 103.[1] Most significantly, for purposes of the instant appeal, we declined to consider Mr. Nichols' supplemental assignment of error. Id. at ¶ 27. We noted he had neither obtained leave of this court to file it, nor, by the timing of its filing, given the state an opportunity to oppose. Id. We further considered he had waived any error through failure to object in the trial court. Id.
 {¶ 9} September 8, 2006, Mr. Nichols applied to reopen his direct appeal, pursuant to App.R. 26(B). As grounds, he argued ineffective assistance of appellate counsel, in failing to raise properly the trial court's allegedly erroneous jury instruction regarding aggravated assault. September 22, 2006, the state filed its response, supporting Mr. Nichols' application. January 10, 2007, we granted Mr. Nichols' application, pursuant to App.R. 26(B)(5). We note that in its merit brief, filed March 29, 2007, the state, once again, does not merely fail to oppose Mr. Nichols' assignment of error, but rather, essentially supports it. *Page 4 
 {¶ 10} We review alleged error in a trial court's jury instructions for abuse of discretion. Cf. Frost v. Snitzer, 11th Dist. No. 2005-T-0090, 2006-Ohio-3882, at ¶ 95. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157. The term is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto (1925),112 Ohio St. 667, 676-678. The challenged instruction must be viewed in the context of the entire jury charge. Frost at ¶ 94. If the jury was misled in a manner materially affecting the complaining party's substantial rights, error may be found. Id.
 {¶ 11} The error alleged by Mr. Nichols arises from the difference between felonious assault and aggravated assault.
{¶ l2} "Aggravated assault is an offense of an inferior degree to felonious assault. State v. Deem (1988), 40 Ohio St.3d 205, * ** paragraphs two and four of the syllabus. This is because the elements of aggravated assault are identical to the elements of felonious assault, except that aggravated assault has an additional mitigating element. Id. at paragraph four of the syllabus. The additional mitigating element is that the offender acted under `serious provocation.' R.C. 2903.11 and R.C. 2903.12." State v. Cayson, 11th Dist. No. 2004-T-0118,2006-Ohio-2011, at ¶ 13. (Parallel citations omitted.)
{¶ l3} "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was *Page 5 
reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time."Deem at paragraph five of the syllabus.
 {¶ 14} "The analysis of sufficient evidence of adequate provocation requires a two-part inquiry. First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. State v.Mack, 82 Ohio St.3d 198, 201 * * *. `In determining whether the provocation was reasonably sufficient (* * *) the court must consider the emotions and mental state of the defendant and the conditions and circumstances that surround him at the time.' (Citation omitted.) Id. at 200. The provocation must be occasioned by the victim and `must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control.' [State v.] Shane [(1992), 63 Ohio St.3d 630,] * * * 635. If the objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case `actually was under the influence of sudden passion or in a sudden fit of rage. (* * *)' Id. at 634." Cayson at ¶ 18. (Parallel citation omitted.)
 {¶ 15} "* * * [I]n a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." Deem at paragraph four of the syllabus.
 {¶ 16} Mr. Nichols' conviction arose from a bar fight. Mr. Nichols introduced the testimony of his friend, Dino Pappalardo, that the fight between himself and Mr. Mussell commenced when the latter struck him with a beer bottle or mug, in the head. This is obviously evidence of "serious provocation." On the other hand, there is a question of *Page 6 
whether Mr. Nichols had an opportunity to "cool off," or retreat. The state introduced considerable testimony indicating he commenced hitting his victim, Mr. Mussell, in the bar; that the two were separated; that Mr. Nichols began hitting Mr. Mussell again, in the bar; that Mr. Mussell escaped outside to the parking lot; and that Mr. Nichols chased him, and completed the beating there. Nichols I at ¶ 5-10.
{¶ l7} Nevertheless, the state only charged Mr. Nichols with one count of felonious assault, not two or three. Under this circumstance, it cannot be said that the learned and vastly experienced trial judge abused his discretion in determining that the evidence of serious provocation to Mr. Nichols justified an aggravated assault instruction, since the state treated the events as a single, seem less episode.
{¶ l8} Having determined in its discretion to give an instruction on aggravated assault, the trial court was obliged to give a correct one. The instruction actually given was, unfortunately, erroneous. The lead case on the subject is the opinion of the Sixth Appellate District inState v. Roberts (1996), 109 Ohio App.3d 634. In that case, the trial court delivered a jury instruction suffering from the same flaws as that herein: (1) it defined aggravated assault as being a lesser included offense of felonious assault, instead of being an offense of an inferior degree; (2) it implied to the jury that aggravated assault could only be considered if the defendant was not found guilty of felonious assault. Id. at 637-638. The Roberts court concluded the instruction was plain error, requiring reversal and a new trial. Id. at 639. In related vein, we have found reversible error, mandating a new trial, when the trial court gave an instruction defining aggravated assault as a lesser included offense, and no evidence of serious *Page 7 
provocation existed in the record. State v. Baker (June 16, 1989), 11th Dist. No. 3971, 1989 Ohio App. LEXIS 2302, at 11-16.
{¶ l9} In sum, having concluded the record supported an instruction on aggravated assault, the trial court committed plain error by giving the instruction it did.
 {¶ 20} In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two part test enunciated by the U.S. Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. Cf. In reRoque, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶ 11. First, it must be determined that counsel's performance fell below an objective standard of reasonableness. Id. Second, it must be shown that prejudice resulted. Id. Prejudice exists if the results of the trial would have been different but for counsel's ineffectiveness. Id. Appellate courts must always recall properly-licensed counsel is presumed competent; and that trial counsel is afforded strong deference regarding strategy. Id.
 {¶ 21} Application of this test leads to the conclusion Mr. Nichols received ineffective assistance of counsel on his initial appeal. Each element required by Strickland is fulfilled. It was objectively unreasonable for his counsel to fail to bring to our attention, before the last minute, the plain error inhering in the aggravated assault instruction. This failure was clearly prejudicial, affecting the outcome of Mr. Nichols' trial, since he is entitled to a new one, and has not yet received it.
 {¶ 22} The judgment of the Lake County Court of Common Pleas is reversed, and this matter remanded for new trial.
CYNTHIA WESTCOTT RICE, P.J., concurs,
DIANE V. GRENDELL, J., dissents.
[1] Mr. Nichols' resentencing is presently pending in a separate appeal before this court, Case No. 2006-L-190. *Page 1