[Cite as *State v. Love*, 2017-Ohio-8960.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160651 |
| | | TRIAL NO. B-1505555A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANTHONY LOVE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 13, 2017

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher, William R. Gallagher* and *Elizabeth Conklin*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}  Defendant-appellant Anthony Love appeals his convictions for felonious assault.  In five assignments of error, he argues that the trial court's failure to give the jury instructions required by law resulted in plain error; that the trial court erred in admitting irrelevant evidence and prejudicial testimony about his motorcycle-club affiliation; that his convictions were not supported by sufficient evidence; that his convictions were against the manifest weight of the evidence; and that the cumulative effect of defense counsel's errors violated his right to the effective assistance of counsel.

{¶2}  Because the trial court failed to instruct the jury on how to apply any finding on Love's asserted affirmative defense of defense of others, we must reverse the trial court's judgment and remand the cause for a new trial.

### *Factual Background*

{¶3}  Love was involved in a street fight that took place in Mt. Adams, and was subsequently charged with six counts of felonious assault relating to three separate victims, Carlos Liranzo, Luke Thibodeaus, and Josea Hernandez.  He was tried before a jury with his codefendant, Alexander Mazzaro.  The following evidence was adduced at trial.

{¶4}  On the evening of September 25, 2015, Liranzo, Thibodeaus, and Hernandez had been out together in Mt. Adams.  After leaving a bar around 2:15 a.m. on September 26, the group walked down a street to find a cab.  Love, Mazzaro, and a third man, Michael Sansone, approached them on the street from the opposite direction.  As the groups passed each other, Mazzaro brushed shoulders with Thibodeaus, causing Thibodeaus to be turned around.  From there, a conflict ensued.

{¶5} Sensing trouble, Liranzo told the entire group that everyone should relax. Mazzaro then punched Liranzo in the face. In response, Liranzo took Mazzaro to the ground and pinned him there. Liranzo and Mazzaro traded punches from that position. While straddling Mazzaro, Liranzo felt a blow to his back. In addition to that blow, he testified that someone tried to "fishhook" him while he had Mazzaro pinned down. He explained that an individual stuck a finger in his mouth, and that he bit down on the finger and took out a chunk of the person's skin. Liranzo remained on top of Mazzaro until police arrived to break up the fight and threatened to tase him if he did not stand up. Upon standing, he noticed blood running down his back and discovered that he had been stabbed.

{¶6} While Liranzo and Mazzaro were fighting, Thibodeaus saw Love approach Hernandez as Hernandez attempted to back away. He then saw Love take a few steps back, put his hand in his pocket, and lunge at Liranzo. He did not see what Love had taken out of his pocket. Thibodeaus attempted to push Love off Liranzo, and he felt what he described as "a punch there in my chest." He later realized that he had been stabbed in the chest. He was bleeding and could see a gap in his chest where muscle was protruding.

{¶7} Michael Sansone was called by the prosecution to testify and was declared a hostile witness. While testifying, Sansone admitted that he had told a detective that after the street fight had ended, Love had stated to him, "I stuck that guy because I thought he had you." Sansone testified that he had attempted to pull Liranzo off Mazzaro because Liranzo was out of control and it looked like Mazzaro was getting "his butt kicked." Sansone denied that he had deliberately put his finger in Liranzo's mouth to "fishhook" him, and explained that he had tried to grab Liranzo's head and Liranzo had bitten his finger.

{¶8} Cincinnati Police Lieutenant Andrew Heyob had been working an off-duty uniformed detail in Mt. Adams on the evening of September 25, and had

responded to the street fight. When he arrived on the scene, Lieutenant Heyob saw Love standing over two individuals grappling on the ground. Love was striking the person on top with his fists and kicking at him.

{¶9} Liranzo and Thibodeaus were transported to the hospital. Liranzo suffered a stab wound to his back with complications. He remained hospitalized for three days and had to have a tube placed in his lung to drain fluids. Thibodeaus received 12 staples to treat his wound and has a scar.

{¶10} At the close of evidence, Love made a Crim.R. 29 motion for an acquittal. The trial court granted Love's motion on the two counts of felonious assault relating to Josea Hernandez. The remaining four counts were submitted to the jury. During closing arguments, Love's counsel argued to the jury that Love's actions were justified, as he had been acting in defense of Mazzaro.

{¶11} The jury found Love not guilty of felonious assault as to Liranzo in violation of R.C. 2903.11(A)(1). But it returned guilty verdicts on two counts of felonious assault, as to both Liranzo and Thibodeaus, in violation of R.C. 2903.11(A)(2), and on one count of felonious assault as to Thibodeaus in violation of R.C. 2903.11(A)(1).

{¶12} Love has appealed his convictions, raising five assignments of error for our review. We address these assignments out of order.

### Sufficiency of the Evidence

{¶13} In his third assignment of error, Love argues that his convictions were not supported by sufficient evidence.

{¶14} When considering a challenge to the sufficiency of the evidence, we must view all evidence and reasonable inferences in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the

elements of the offenses proven beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶15} Love was convicted of felonious assault under both R.C. 2903.11(A)(1) and (2). R.C. 2903.11(A)(1) provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another or another's unborn." And R.C. 2903.11(A)(2) provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another or another's unborn by means of a deadly weapon or dangerous ordnance."

{¶16} Viewed in the light most favorable to the prosecution, the evidence presented at trial established that Love had stabbed both Liranzo and Thibodeaus with a knife. Liranzo's injuries required three days of hospitalization and a tube placed in his lungs to drain fluids. Thibodeaus's injuries required staples and left him with a scar. A trier of fact could reasonably have found the elements of felonious assault proven beyond a reasonable doubt.

{¶17} We hold that Love's convictions were supported by sufficient evidence. The third assignment of error is overruled.

### Jury Instructions

{¶18} In his first assignment of error, Love argues that the trial court committed plain error by failing to give the jury instructions that were required by law.

{¶19} Love raises several challenges to the jury instructions. We begin with his argument that the trial court failed to instruct the jury on how to apply its finding on his asserted affirmative defense of defense of others, as it is dispositive.

{¶20} Love failed to object to the jury instructions and consequently has forfeited all but plain error. *State v. Hilliard*, 1st Dist. Hamilton No. C-160263,

2017-Ohio-2952, ¶ 10; Crim.R. 30(A). To establish plain error pursuant to Crim.R. 52(B), Love must show "(1) that an error occurred, (2) that the error was obvious, and (3) that the error affected the outcome of the trial." *State v. Bandy*, 1st Dist. Hamilton No. C-160402, 2017-Ohio-5593, ¶ 70. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶21} The trial court gave the jury an instruction on the affirmative defense of defense of others. In that instruction, the jury was informed that Love had the burden of proving the affirmative defense by a preponderance of the evidence. The trial court gave the following instruction to the jury describing the circumstances under which it should return a verdict of guilty or not guilty:

> If you find that the State proved beyond a reasonable doubt all the essential elements of any one or more of the offenses charged in the separate counts in the indictment, your verdict must be guilty as to such offense or offenses according to your findings as to each defendant.
>
> If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of any one or more of the offenses charged in the separate counts of the indictment, your verdict must be not guilty as to such offense or offenses according to the findings as to each defendant.

While the court clearly told the jury how to proceed if it found that the state had proved, or failed to prove, the essential elements of the offenses beyond a reasonable doubt, it omitted any instruction as to how the jury should proceed upon a finding that Love had proved, or failed to prove, the asserted affirmative defense by a preponderance of the evidence. *See* 2 *Ohio Jury Instructions*, CR Section 425.03

6

(Sept.2017). We hold that the trial court erred by omitting such an instruction, because the jury was not instructed how to proceed upon its finding on the affirmative defense.

{¶22} The Second District has likewise held that it was error for a trial court to provide an incomplete jury instruction that omitted direction on how a jury should apply its finding on an asserted affirmative defense. *State v. Hmidan*, 2d Dist. Montgomery No. 17161, 1999 WL 318366 (May 7, 1999). The court stated that the omission of such an instruction "left the jury uninformed as to how proof of the affirmative defense operates in relation to the verdict which that proof requires." *Id.* at *3.

{¶23} We further hold that Love has shown that the trial court's error was obvious. *Bandy*, 1st Dist. Hamilton No. C-160402, 2017-Ohio-5593, at ¶ 70. "Trial courts must give all jury instructions that are relevant and necessary for the jury to properly weigh the evidence and perform its duty as the fact finder." *Id.* at ¶ 71. The trial court's failure to instruct the jury on how to apply its finding on Love's affirmative defense left the jury uninformed as to how to perform its duty. We hold that it also affected the outcome of the trial and resulted in a manifest miscarriage of justice. *Id.* at ¶ 70. The incomplete instruction prevented the jury from properly applying the law to reconcile any finding on the affirmative defense with its finding that the state had proved the elements of felonious assault beyond a reasonable doubt. *See State v. Roberts*, 109 Ohio App.3d 634, 639, 672 N.E.2d 1053 (6th Dist.1996).

{¶24} Because Love has established that the trial court committed plain error by failing to properly instruct the jury, we sustain his first assignment of error. Our resolution of this assignment of error renders his remaining assignments of error moot.

{¶25}   The judgment of the trial court is reversed, and this cause is remanded for a new trial.

Judgment reversed and cause remanded.

Zᴀʏᴀꜱ, J., concurs.
Mᴏᴄᴋ, P.J., concurs in part and dissents in part.

Mᴏᴄᴋ, P.J., concurring in part and dissenting in part.

{¶26}   While I agree with all other aspects of the majority opinion, I believe that the trial court's failure to give the complete jury instruction on the affirmative defense of defense of another did not rise to the level of plain error warranting reversal of Love's conviction.  And it is from that portion of the majority opinion that I dissent.

{¶27}   The majority correctly points out that this issue was not preserved for appellate review because Love failed to object to the trial court's jury instruction. Crim.R. 30(A).  Accordingly, any error in those jury instructions has been waived unless it rises to the level of "plain error." *State v. Underwood*, 3 Ohio St.3d 12, 13, 444 N.E.2d 1332 (1983).  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has outlined the implementation of this rule.

> By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial.  First, there must be an error, i.e., a deviation from a legal rule.  Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings.   Third, the error must have affected "substantial

rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.

Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court "may" notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

(Citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶28} I agree that the trial court erred when it failed to inform the jury that "if you find that the defendant proved by a preponderance of the evidence the defense of [defense of another], then you must find the defendant [not guilty]." 2 *Ohio Jury Instructions*, CR Section 425.03 (Sept.2017). I also agree that the error was an obvious defect in the proceeding. But this record does not support the conclusion that Love's substantial rights have been violated to the point that the outcome of the trial was affected.

{¶29} This court has held that the evidence presented at trial was sufficient to support Love's convictions, and I would further conclude that his convictions were not against the manifest weight of the evidence. Additionally, during his closing argument, Love's counsel centered his argument on the premise that the state had failed to prove its case beyond a reasonable doubt. Only as an afterthought did counsel raise the affirmative defense. Further, while the jury was presented with the definition of defense of another and Love's burden of proof on that affirmative defense, it asked no questions about its implementation. This indication that the

jury did not reach the issue—along with the paucity of the evidence to support it and the lack of emphasis by counsel—solidifies, in my mind, that this case does not represent such exceptional circumstances that a reversal is required to prevent a manifest miscarriage of justice.

{¶30} I agree that the failure to properly instruct the jury was error, but the error was harmless and does not warrant reversal of Love's conviction.

Please note:

The court has recorded its own entry on the date of the release of this opinion.