THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as *State v. Smith,* 117 Ohio St.3d 447, 2008-Ohio-1260.]

(No. 2007–0268—Submitted November 28, 2007—Decided March 26, 2008.)

O'DONNELL, J.

{¶ 1} The issue presented for consideration in this appeal concerns whether the offense of theft is a lesser included offense of the crime of robbery. Appellate courts have reached different conclusions on this question, prompting us to resolve the issue. We hold that theft is a lesser included offense of robbery.

{¶ 2} The events giving rise to our current consideration arose on April 7, 2005, when Danielle Smith, Lashay Meadows, and Meadows's children shoplifted merchandise from the Macy's department store located in the Tri–County Mall in Hamilton County. On that day, Rachel Cornett, a Macy's loss-prevention supervisor, saw the group with a shopping cart that had empty Macy's bags in it. Cornett went to the security office to watch Smith and Meadows on the security monitors. Cornett watched as Smith and Meadows removed multiple items from the clothing racks, took them into the fitting rooms, and then returned only some of the items to the clothing rack. During Smith's trial, the court viewed the store's tape of what Cornett had seen on the monitors. The closed-circuit footage corroborated Cornett's observations.

{¶ 3} As the group began to leave the store, Meadows and her children pushed the cart past all the sales counters, with Smith following several feet behind. After Meadows and her children left the store with the cart, Roger Sauerwein,

Macy's loss-prevention manager, stopped them. Seeing the confrontation, Smith began looking at clothing on a rack, and at that point, Sauerwein asked that she accompany him to the security office. While walking toward the office, Smith tipped over a display table and began hitting Sauerwein and Cornett with hangers. When they tried to get hold of Smith, she bit them. During this time, Smith told Meadows to take the children and leave.

{¶ 4} The shopping cart contained more than $1,600 worth of clothing.

{¶ 5} After further investigation, a grand jury indicted Smith for robbery in violation of R.C. 2911.02(A)(3), alleging that "in committing or attempting to commit a theft offense * * * [Smith] used or threatened the immediate use of force against" Sauerwein and Cornett. Smith waived a jury trial, and the case was tried to the court. At the close of evidence, the trial judge found overwhelming evidence that Smith had participated in the theft of the clothing. Specifically, the court stated, "Having sat through this trial, I find the testimony of the defendant with regard to not knowing that she was involved in a theft offense—I find that to be incredible. I viewed the videotape; there is no question she was acting in concert." The trial court expressed doubt, however, with respect to the robbery charge. It therefore found Smith guilty of fifth-degree felony theft as a lesser included offense of robbery.

{¶ 6} Smith appealed her conviction to the Hamilton County Court of Appeals, arguing that fifth-degree felony theft is not a lesser included offense of robbery, because an offender could commit a robbery without committing a theft. In addition, she urged that fifth-degree felony theft differs from robbery in that it requires the state to prove that "the property or services stolen is five hundred dollars or more and is less than five thousand dollars," R.C. 2913.02(B)(2), while robbery has no element regarding the value of stolen property. She therefore asserted that petty theft, a first-degree misdemeanor containing no value element, was the greatest offense of which she could have been convicted.

{¶ 7} The appellate court cited *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, in which we modified the test announced in *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, to determine whether an offense was a lesser included offense of another. The court of appeals stated that theft did not appear to be a lesser included offense of robbery, because robbery could be committed by depriving a victim of property valued at less than $500, while theft involved property valued at $500 or more. Nonetheless, the court felt constrained by *State v. Davis* (1983), 6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772, in which this court determined that theft by threat is a lesser included offense of robbery, and it therefore affirmed the judgment of the trial court.

{¶ 8} Smith appealed that determination to this court, and we granted discretionary review.

{¶ 9} The three-part test we set forth in *Deem* provides: "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. We have repeatedly stated that "[i]n determining whether an offense is a lesser included offense of the charged offense, ' "the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." ' " *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 26, 759 N.E.2d 1240, quoting *State v. Kidder*, 32 Ohio St.3d at 282, 513 N.E.2d 311. See also *State v. Koss* (1990), 49 Ohio St.3d 213, 218–219, 551 N.E.2d 970. *Deem* was intended to require analysis of the statutory elements conducted in the abstract without reference to the specifics of any individual case.

{¶ 10} Because the offense of robbery carries a greater penalty than the offense of theft, and because robbery contains an element that the offense of theft does not, Smith's contention is with respect to only the second element of the *Deem* test.

{¶ 11} R.C. 2911.02 defines "robbery" and states:

{¶ 12} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 13} "* * *

{¶ 14} "(3) Use or threaten the immediate use of force against another."

{¶ 15} R.C. 2913.02 defines "theft" and states:

{¶ 16} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

{¶ 17} "(1) Without the consent of the owner or person authorized to give consent;

{¶ 18} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

{¶ 19} "(3) By deception;

{¶ 20} "(4) By threat;

{¶ 21} "(5) By intimidation."

{¶ 22} The troublesome part of the *Deem* test is the second part, which requires that "the greater offense cannot, as statutorily defined, *ever* be commit-

ted without the lesser offense, as statutorily defined, also being committed." (Emphasis added.) *Deem,* 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. The problem occurs because as statutorily defined, robbery contains one element that may be proved alternatively—as theft *or* attempted theft. Since the crime is defined as constituting mutually exclusive alternatives, it is possible for robbery to be committed without committing theft if the robbery is committed by an *attempted* theft.

{¶ 23} Based on this problem with the test, Smith argues that theft is not a lesser included offense of robbery and cites our decision in *State v. Carter* (2000), 89 Ohio St.3d 593, 734 N.E.2d 345, a death-penalty case in which Carter raped his adoptive grandmother and killed her by stabbing her 18 times before taking $150 in cash from her purse and fleeing. In that case, Carter argued that the court erred by failing to instruct the jury on theft, which he claimed was a lesser included offense of aggravated robbery. Id. at 599–601, 734 N.E.2d 345.

{¶ 24} In *Carter,* we applied *Deem* and concluded that theft was not a lesser included offense of aggravated robbery, because the offense of aggravated robbery could be committed in the course of an attempted theft, which does not require the accused to actually exert control over the property of another, while the crime of theft does; hence, according to *Deem,* the greater offense—aggravated robbery—could be committed without the lesser offense—theft—also being committed.

{¶ 25} *Carter,* however, conflicted with an earlier decision holding to the contrary, *State v. Davis,* 6 Ohio St.3d at 95, 6 OBR 131, 451 N.E.2d 772, on which the court of appeals in this case relied. *Davis* held that theft is a lesser included offense of robbery because it is a crime of lesser degree and contains no element that is not also an element of robbery. Id. at 95, 6 OBR 131, 451 N.E.2d 772. Although *Davis* was decided before *Deem,* the court asked questions similar to those asked in *Deem.* But rather than determining whether a robbery can be committed without committing a theft, as required by part two of the test, the court in *Davis* determined only that theft does not include any element that is not also an element of robbery, a different inquiry.

{¶ 26} We explain the discrepancy between the outcomes in *Carter* and *Davis* by noting that *Deem,* upon which *Carter* relied, did not analyze an offense of the type here; that is, an offense that by statutory definition included as one of its elements "committing or attempting" to commit another offense. In fact, the court used kidnapping, R.C. 2905.01, as its "pedagogic example." *Deem,* 40 Ohio St.3d at 209, 533 N.E.2d 294. Kidnapping differs from robbery in that in order to prove kidnapping, the prosecutor is not required to prove as one of the elements that the defendant committed or attempted to commit another crime.

{¶ 27} We therefore modify the analysis required by *Deem* to address statutes like robbery, in which one element of the offense can be satisfied by proving either that the defendant actually committed another offense or attempted to commit it. This analysis looks at each alternative separately, similar to the method set forth by the United States Supreme Court in *Whalen v. United States* (1980), 445 U.S. 684, 694, 100 S.Ct. 1432, 63 L.Ed.2d 715. See also *Pandelli v. United States* (C.A.6, 1980), 635 F.2d 533, 537 ("The theory behind the [*Whalen*] analysis is that a criminal statute written in the alternative creates a separate offense for each alternative and should therefore be treated for double jeopardy purposes as separate statutes would"). We adopted a similar test in *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, for analyzing when successive prosecutions are permissible. In that case, we held that when looking at "a statute containing alternative elements, each statutory alternative should be construed as constituting a separate offense and analyzed accordingly." Id. at ¶ 40.

{¶ 28} Accordingly, when applying the second part of the *Deem* test in cases involving statutes phrased in the alternative, such as the robbery statute, a court must consider each alternative method of committing the greater offense when deciding whether "the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed." Therefore, in determining whether an offense is a lesser included offense of another when a statute sets forth mutually exclusive ways of committing the greater offense, a court is required to apply the second part of the test established in *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, to each alternative method of committing the greater offense. Because robbery may be committed by either committing a theft *or* attempting to commit a theft, there are two possible ways to commit the offense: robbery by theft or robbery by attempted theft. If these two alternatives are essentially treated as separate offenses, then fifth-degree felony theft is a lesser included offense of robbery as statutorily defined in the alternative of robbery by theft, because it would be impossible to ever commit a robbery by theft without also committing a theft.

{¶ 29} Accordingly, theft, as defined in R.C. 2913.02, is a lesser included offense of robbery, as defined in R.C. 2911.02.

{¶ 30} Thus, based on our holding that theft is a lesser included offense of robbery, the trial court properly convicted Smith of the lesser included offense of theft.

{¶ 31} Smith also argues that theft requires proof of the value of the property stolen, while robbery has no such element. But the elements of theft do *not* include value. Rather, value is a special finding to determine the degree of the

offense, but is not part of the definition of the crime. Thus, Smith's position is not well taken.

{¶ 32} Accordingly, we clarify our decision in *Deem* and affirm the judgment of the appellate court.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 33} This case should have been resolved by a simple entry: "Reversed on the authority of *State v. Carter* (2000), 89 Ohio St.3d 593, 734 N.E.2d 345. In *Carter*, this court was asked, for all intents and purposes, the same question that it faces today—is theft a lesser included offense of robbery?—and answered no:

{¶ 34} "The issue becomes whether aggravated robbery * * * can ever be committed without theft * * * also being committed. We answer that question in the affirmative because aggravated robbery can be committed in the course of an 'attempted theft.' R.C. 2913.02; 2923.02. Theft requires the accused to actually obtain or exert control over the property or services of another; attempted theft does not. Since theft is not a lesser-included offense of aggravated robbery, the trial court did not err by not providing a lesser-included-offense instruction." *Carter*, 89 Ohio St.3d at 601, 734 N.E.2d 345.

{¶ 35} In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, this court established a tripartite test for determining whether one offense is a lesser included offense of another. *Carter* is the only case decided by this court on this issue since the promulgation of the *Deem* test. *Carter* could not be more clear and could not be more clearly applicable to this case. It was my impression that this court accepted jurisdiction in this case because the appellate court simply had overlooked this court's decision in *Carter*—the case is not even mentioned in the appellate court's decision. But the *majority* also ignores this court's decision in *Carter*. Does the majority overrule *Carter*? No—it is more important to the majority to perpetuate the folly of *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, and its almost-always-inapplicable set of factors for overruling precedent than it is to set forth a coherent jurisprudence. Thus, the law in Ohio now says that theft is a lesser included offense of robbery but that theft is *not* a lesser included offense of aggravated robbery. Welcome to Wonderland.

{¶ 36} To get to this point, the majority relies upon a United States Supreme Court case, *Whalen v. United States* (1980), 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715, that this court has rejected on multiple occasions. *Whalen* addresses the issue of allied offenses of similar import in federal criminal statutes; it does not address how to determine whether one offense is a lesser included offense of another. Although *Whalen* is not exactly on point, it could be considered instructive on the issue of lesser included offenses had it not been roundly rejected by this court on multiple occasions, as discussed below.

{¶ 37} In *Whalen,* a felony-murder case, the defendant was convicted and sentenced consecutively for both rape and felony murder. Rape was one of the six lesser offenses that could become an element of a felony-murder charge. The government argued in *Whalen* that since there were six separate crimes that could satisfy the underlying felony requirement for felony murder, felony murder did not require proof of rape, and a defendant thus could be sentenced for both rape and felony murder. The court, however, held, "In the present case, * * * proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense." *Whalen,* 445 U.S. at 694, 100 S.Ct. 1432, 63 L.Ed.2d 715.

{¶ 38} This court has repeatedly held exactly the opposite regarding Ohio's aggravated-murder statute, holding that defendants can be convicted of and sentenced for both the underlying element (rape, kidnapping, arson) as well as for aggravated murder. "This court has repeatedly held that aggravated murder and kidnapping are not allied offenses of similar import under R.C. 2941.25. See *State v. Coley* (2001), 93 Ohio St.3d 253, 265, 754 N.E.2d 1129; *State v. Keenan* (1998), 81 Ohio St.3d 133, 154, 689 N.E.2d 929; *State v. Jells* (1990), 53 Ohio St.3d 22, 32–33, 559 N.E.2d 464." *State v. Elmore,* 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 51. See also *State v. Richey* (1992), 64 Ohio St.3d 353, 369, 595 N.E.2d 915, overruled in part on other grounds, by *State v. McGuire* (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112; *State v. Grant* (1993), 67 Ohio St.3d 465, 474–475, 620 N.E.2d 50; *State v. Hill* (1992), 64 Ohio St.3d 313, 331–332, 595 N.E.2d 884.

{¶ 39} *Whalen* has been specifically repudiated by this court. In *State v. Rance* (1999), 85 Ohio St.3d 632, 636–637, 710 N.E.2d 699, this court adopted Justice Rehnquist's *dissent* in *Whalen* as the law in Ohio. In *State v. Zima,* 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, cited by the majority, this court recognized the inapplicability of *Whalen* in Ohio, noting that this "court rejected *Whalen*'s treatment of alternative-element statutes in the context of determining whether two crimes constitute 'allied offenses of similar import' for purposes of cumulative punishments under R.C. 2941.25." *Zima,* 102 Ohio St.3d 61, 2004-

Ohio-1807, 806 N.E.2d 542, ¶ 40, fn. 3. *Zima* identified one exception to this court's blanket rejection of *Whalen*—where a defendant is tried successively for the same act. Id. This court made clear that *Whalen* is applicable in Ohio only in those successive-prosecution cases.

{¶ 40} The majority, by its own admission, essentially creates two new crimes in Ohio's criminal code—robbery by theft and robbery by attempted theft. Must prosecutors respond to this court's decision by indicting defendants for either robbery by theft or robbery by attempted theft? Will they indict for both to cover their bases? If so, that is rather ironic: we would not even be hearing this case had the prosecutor in this case simply indicted the defendant for both theft and robbery. To correct that mistake in this inconsequential case, the majority has had to ignore this court's own precedent, rely on other, semi-relevant precedent that this court has already rejected, meddle with the *Deem* test, which has been in place for nearly 20 years, and rewrite a criminal statute. The Queen of Hearts would be proud.

---

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Michaela M. Stagnaro, for appellant.