The STATE of Ohio, Appellee,

v.

RUPPART, Appellant.

[Cite as *State v. Ruppart,* 187 Ohio App.3d 192, 2010-Ohio-1574.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92687.

Decided April 8, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant County Prosecuting Attorney, for appellee.

Richard Agopian, for appellant.

---

MARY J. BOYLE, Judge.

{¶ 1} Defendant-appellant, John Ruppart, appeals his conviction. Finding merit to his first assignment of error, we reverse and vacate his conviction and remand for a new trial.

{¶ 2} The grand jury indicted Ruppart on three counts: Count 1, felonious assault, in violation of R.C. 2903.11(A)(1); Count 2, felonious assault, in violation of R.C. 2903.11(A)(2); and Count 3, kidnapping, in violation of R.C. 2905.01(A)(2) and/or (A)(3). Counts 1 and 2 also included forfeiture specifications.

{¶ 3} The charges arose out of a dispute between three men living in a boarding house. Two of the men got angry at the third, the alleged victim, because they claimed he had stolen their food.

{¶ 4} The case proceeded to a jury trial. After the state rested, Ruppart moved for a Crim.R. 29 acquittal. The trial court denied it as to Counts 1 and 2, but granted it as to Count 3.

{¶ 5} The jury found Ruppart not guilty of Counts 1 and 2, but guilty of aggravated assault as an "inferior degree/lesser included offense" (according to the jury verdict form, as well as the transcript) under Count 1. The trial court sentenced Ruppart to one year of community-control sanctions.

{¶ 6} Ruppart now appeals. He raises six assignments of error for our review. In his first assignment of error, he claims, "The trial court's erroneous jury instruction on the lesser inferior offense of aggravated assault caused the jury to enter a guilty verdict against the accused after having already acquitted him of the crime charged in violation of R.C. 2945.74, the United States Constitution Amendment[s] V and XIV, and the Ohio Constitution, Article I, Section 10."

{¶ 7} Ruppart maintains that the trial court erred when it instructed the jury on felonious assault and aggravated assault and that the confusion caused the jury to reach inconsistent verdicts.

{¶ 8} As the state points out, Ruppart did not object to the trial court's jury instructions.  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.  See *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804; *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 4 OBR 580, 448 N.E.2d 452.  In order to establish plain error, appellant must show that but for the error, the outcome of the trial would have been different.  See *State v. Robertson* (1993), 90 Ohio App.3d 715, 630 N.E.2d 422.

## *Jury Instructions*

{¶ 9} Regarding Counts 1 and 2, the trial court instructed the jury as to the elements of felonious assault.  It then explained to the jury that if the jury found Ruppart guilty of felonious assault, the jury would then determine whether Ruppart acted in self-defense.  After instructing the jury on self-defense, the trial court stated:

{¶ 10} "Here's where I'm hoping it makes sense.  So Counts 1 and 2, if you find guilty on Count 1 or 2, or both, you have to go to self-defense.  If you find there is self-defense, then you've finished your deliberations.  If you found not guilty or cannot reach a verdict on Counts 1 and 2, then you're going to move on past self-defense because it's not an issue then to what we call an inferior degree lesser included offense, aggravated assault.  * * *

{¶ 11} "Guilty as charged.  If you find that the state proved beyond a reasonable doubt all the essential elements of the offenses in this case, offenses of felonious assault as charged in Count 1 and/or Count 2 of the indictment, your verdict must be guilty as charged.

{¶ 12} "Does everybody understand that?  You would not get to this page or this form [aggravated assault] if you have reached a guilty verdict on Count 1 and/or Count 2.  Does everybody understand that?

{¶ 13} "Guilty of an inferior degree or lesser included offense.  If you find that the state failed to prove beyond a reasonable doubt all the essential elements of felonious assault in Counts 1 and 2 of the indictment, then your verdict must be not guilty of those offenses.  In that event, or if you're unable to unanimously agree, you will continue your deliberations to decide whether the state has proved beyond a reasonable doubt all the essential elements of the inferior degree offense of aggravated assault in violation of R.C. 2903.12(A)(1) and/or (A)(2)."

*Offense of "Inferior Degree"*

█ {¶ 14} In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Ohio Supreme Court distinguished between a lesser included offense and an offense that is an "inferior degree" of the indicted offense. "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Id. at paragraph three of the syllabus, modifying *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311.[1] But "[a]n offense is an 'inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements." Id. at paragraph two of the syllabus.

{¶ 15} Felonious assault is defined in former R.C. 2903.11 as follows:

{¶ 16} "(A) No person shall knowingly:

{¶ 17} "(1) Cause serious physical harm to another;

{¶ 18} "(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

{¶ 19} "(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree." Am.Sub.S.B. No. 210, 140 Ohio Laws, Part I, 583, 589.

{¶ 20} Aggravated assault is defined in former R.C. 2903.12 as follows:

{¶ 21} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

{¶ 22} "(1) Cause serious physical harm to another;

{¶ 23} "(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

---

1. The Supreme Court has since modified the *Deem* test. See *State v. Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595 ("In determining whether an offense is a lesser included offense of another when a statute sets forth mutually exclusive ways of committing the greater offense, a court is required to apply the second part of the test established in [*Deem*], paragraph three of the syllabus, to each alternative method of committing the greater offense"). But since we are not addressing lesser included offenses in the present appeal, this modification is not relevant to our analysis.

{¶ 24} "(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree." Am.Sub.S.B. No. 210, 140 Ohio Laws, Part I, 583, 589.

{¶ 25} As statutorily defined, the offense of aggravated assault is an inferior degree of felonious assault "since its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation." *Deem*, 40 Ohio St.3d at 210–211, 533 N.E.2d 294, paragraph four of the syllabus.

{¶ 26} Even before *Deem*, this court recognized that "aggravated assault (R.C. 2903.12) is not a lesser included offense of felonious assault (R.C. 2903.11) but is the same offense as felonious assault with a reduction in penalty upon a determination by the trier of fact of the existence of the mitigating circumstance of sudden passion or sudden fit of rage, which mitigates a defendant's criminal culpability." *State v. Carter* (1985), 23 Ohio App.3d 27, 23 OBR 70, 491 N.E.2d 709, paragraph one of the syllabus. Therefore, we held that a trial court errs if it instructs a jury that it should consider the charge of felonious assault first and consider the charge of aggravated assault only if it finds the defendant not guilty of felonious assault. Id. We further explained that "a finding of guilty of felonious assault should not end deliberations if there is evidence in the case tending to show the existence of provocation of the defendant." Id. at 32, 23 OBR 70, 491 N.E.2d 709.

{¶ 27} In *State v. Bosley* (Oct. 7, 1992), 9th Dist. No. 15547, 1992 WL 281344, the defendant was indicted for felonious assault. The jury found him not guilty of felonious assault, but guilty of aggravated assault. The trial court instructed the jury on the charge of felonious assault and the inferior-degree offense of aggravated assault as follows:

{¶ 28} "If you find that the State proved beyond a reasonable doubt all the essential elements of felonious assault, your verdict must be guilty of that offense. If, however, you find that the State failed to prove beyond a reasonable doubt all of the essential elements of felonious assault, then your verdict must be not guilty of that offense. And in that event or if you are unable to reach a verdict on the charge of felonious assault, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all of the essential elements of [the] lesser offense of aggravated assault."

{¶ 29} The Ninth District held that the trial court committed plain error by giving this instruction. The court explained:

{¶ 30} "Bosley * * * was acquitted of felonious assault. By the court's instruction the jury was to first determine whether 'the state had proved beyond a reasonable doubt all the essential elements of felonious assault.' The jury was

to consider the crime of aggravated assault only after it found the state failed to prove each element of felonious assault. A jury is presumed to follow the instructions of the court. * * * Accordingly, before the jury could find Bosley guilty of aggravated assault, it [had] to find that the state failed to prove some element of felonious assault. But, because these offenses contain the same elements, such a result is inconsistent. We recognized this inconsistency in [*State v. Herring* (Oct. 11, 1989), 9th Dist. No. 13996, 1989 WL 121082], wherein we stated: ' * * * a finding of not guilty of felonious assault would preclude a finding of guilty of aggravated assault, given the identical essential elements of each offense.' " [2]

{¶ 31} The Ninth District further explained: "The result is that under the jury charge in this case, the jury gave inconsistent verdicts in finding Bosley not guilty of felonious assault, yet guilty of aggravated assault. While an inconsistency in a verdict does not arise by inconsistent responses to different counts, an inconsistent response to the same count requires reversal. See, generally, *Browning v. State* (1929), 120 Ohio St. 62, 70–71[, 165 N.E. 566]; *State v. Adams* (1978), 53 Ohio St.2d 223, 228[, 7 O.O.3d 393, 374 N.E.2d 137], judgment vacated in part on other grounds (1978), 439 U.S. 811[, 99 S.Ct. 69, 58 L.Ed.2d 103]." See also *State v. Elton,* 9th Dist. No. 22446, 2005-Ohio-5179, 2005 WL 2401110 (relying on *Bosley,* court reversed and remanded for a new trial on identical set of facts and jury instructions).

{¶ 32} In *State v. Nichols,* 11th Dist. No. 2005–L–017, 2007-Ohio-5219, 2007 WL 2822752, the trial court defined aggravated assault in the jury instructions as a lesser included offense of felonious assault and instructed the jury that it could find the defendant guilty of aggravated assault only if it found him not guilty of felonious assault. The court found that the erroneous jury instruction amounted to plain error. Id. at ¶ 19, citing *State v. Roberts* (1996), 109 Ohio App.3d 634, 672 N.E.2d 1053 (where the court also found plain error after the jury found the defendant not guilty of felonious assault but guilty of aggravated assault following a similar jury instruction). See also *State v. Jennings* (Nov. 9, 1999), 5th Dist. No. 98–CA–114 (relying on our decision in *Carter* to determine that the trial court erred when it instructed the jury that it should not consider the charge of aggravated assault unless it found the defendant not guilty of felonious assault).

{¶ 33} The Ohio Jury Instructions further explain the distinction between felonious assault and aggravated assault. Although the Ohio Jury Instructions are not binding legal authority, they are, nonetheless, "helpful as an example of the generally accepted interpretation of [Ohio statutes]." *State v. Gardner,* 118

---

2. In *Herring,* the Ninth District relied on this court's decision in *Carter,* 23 Ohio App.3d 27, 23 OBR 70, 491 N.E.2d 709.

Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 97 (Lanzinger, J., dissenting). The Ohio Jury Instructions, citing *Deem*, suggest the following language regarding the inferior-degree offense of aggravated assault:

{¶ 34} "(A) If you find that the state failed to prove beyond a reasonable doubt that the defendant knowingly (caused serious physical harm to [insert name of victim] ) (caused or attempted to cause physical harm to [insert name of victim] by means of a deadly weapon or dangerous ordnance), then you must find the defendant not guilty.

{¶ 35} "(B) If you find that the state proved beyond a reasonable doubt that the defendant knowingly (caused serious physical harm to [insert name of victim] ) (caused or attempted to cause physical harm to [insert name of victim] by means of a deadly weapon or dangerous ordnance), and you find that the defendant failed to prove by the greater weight of the evidence that he/she acted while he/she was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, then you must find the defendant guilty of felonious assault.

{¶ 36} "(C) If you find that the state proved beyond a reasonable doubt that the defendant knowingly (caused serious physical harm to [insert name of victim] ) (caused or attempted to cause physical harm to [insert name of victim] by means of a deadly weapon or dangerous ordnance), but you also find that the defendant proved by the greater weight of the evidence that he/she acted while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, then you must find the defendant guilty of aggravated assault." 2 Ohio Jury Instructions (2009), Section 503.11(A)(14).

{¶ 37} The comment to this section states, "The Committee recommends that the judge read the appropriate verdict form with each alternative and instruct the jury that it may not sign more than one verdict form on this Count."

{¶ 38} Here, as instructed by the trial court, the jury signed all three verdict forms and found Ruppart not guilty of both counts of felonious assault, but guilty of aggravated assault as "an inferior degree/lesser included offense under Count 1." We find the court's jury instructions to be plain error.

{¶ 39} Ruppart's first assignment of error is sustained. We reverse and vacate his conviction and remand for a new trial. Because we are remanding Ruppart's case for a new trial, his remaining assignments of error are moot.[3]

---

3. {¶ a} Ruppart's remaining assignments of error are:

{¶ 40} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GALLAGHER, A.J., and DYKE, J., concur.

{¶ b} "[2.] The trial court erred by allowing inadmissible hearsay testimony in the form of the medical records entered by the prosecution.

{¶ c} "[3.] The trial court erred by allowing inadmissible testimonial statements of the victim to be admitted through the admission of medical records in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ d} "[4.] The court erred when it precluded the defense from presenting evidence of the victim's propensity for violence in violation of Evid.R. 404, 405, 803, and 806; the United States Constitution Amendments V and XIV; and the Ohio Constitution Art. I Sec. 10.

{¶ e} "[5.] The trial court erred by allowing the prosecutor to elicit hearsay testimony from witnesses Maria Rodriguez, Ofc. Barbara Johnson, Det. Virginia Rodriguez and Det. Michael Gibbs.

{¶ f} "[6.] Defendant John Ruppart was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."