[Cite as *State v. Cooper*, 2012-Ohio-355.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96635**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON COOPER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542639

**BEFORE:**    Stewart, J., Kilbane, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    February 2, 2012

**ATTORNEY FOR APPELLANT**

Reuben J. Sheperd
11510 Buckeye Road
Cleveland, OH    44104


**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor

BY:    Edward D. Brydle
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113


MELODY J. STEWART, J.:

{¶ 1}   A jury found defendant-appellant, Brandon Cooper, guilty of a single count of robbery (a lesser included offense of the original charge of aggravated robbery) on evidence that he and an accomplice lured an unsuspecting victim into their car on the pretense of transacting a drug deal so that they could rob him.   In this appeal, he complains that the court abused its discretion by refusing to instruct the jury on the lesser included offense of theft and that the court erred by allowing police officers to testify to hearsay statements made by a victim who did not testify at trial.

{¶ 2}   Cooper does not challenge the evidence in any way, so we briefly summarize it.   The state showed that Cooper and a friend concocted a plan in which the

friend, posing as a drug dealer, would pick up a customer and drive to a gas station. Cooper, who was on foot at the gas station, would reach into the car and rob the victim. The victim, however, had planned for trouble and arranged for a friend to follow him at a distance. When Cooper reached into the car as planned, the victim struggled with Cooper. The victim's friend then ran up to the car and pulled Cooper away. The victim exited the car and he and his friend began to beat Cooper. Cooper worked himself free and ran into the gas station with the angry victim and his friend giving chase. All of these events were captured by a security camera. The owner of the gas station forced the victim and his friend outside and called the police while Cooper waited inside. After the police arrived, Cooper gave a signed statement confirming these events with the sole exception that he claimed not to own a gun that the police recovered from a gas station trash can located near the door to the gas station's store.

I

{¶ 3} The victim did not testify at trial. A police officer who spoke with the victim on the scene was allowed to testify that the victim told him that Cooper used a gun during the robbery. Cooper maintains that this hearsay statement was testimonial in nature and improperly allowed into evidence in violation of his right to confrontation; the state argues that the statements were non-testimonial and admissible as excited utterances.

{¶ 4} In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that when a statement that is otherwise admissible under an established hearsay exception is "testimonial" in nature, the

Confrontation Clause of the Sixth Amendment "demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id*. at 68. The supreme court did not define what constitutes a "testimonial" statement, but in *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), it held that statements are "non-testimonial" when the circumstances objectively indicate that the primary purpose of the interrogation is to respond to an "ongoing emergency" and not to establish or prove past events potentially relevant to later criminal prosecution. *Id.* at 822. For example, in *Davis*, the supreme court found that questions asked during a 911 emergency call were asked in order to assist the police in responding to an ongoing emergency. *Id.* at 829. In the companion case of *Hammon v. Indiana*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the supreme court held that statements made to a police officer responding to a domestic violence call were "inherently testimonial" because the complainant had been separated from her husband and an emergency situation no longer existed. With no ongoing emergency at hand, the interrogation of the domestic violence victim had the primary purpose of investigating past criminal behavior. *Id.* at 830-831.

{¶ 5} More recently, in *Michigan v. Bryant*, 562 U.S. ____, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011), the supreme court clarified the "primary purpose" test by holding that the courts must objectively look at the statements and actions of both the declarant and interrogators to determine the interrogation's primary purpose. *Id.* at 1160-1162. By

doing so, the courts ameliorate problems that could arise from looking solely to one participant, since both interrogators and declarants may have mixed motives.  *Id.* at 1161.

**{¶ 6}**  The hearsay statement at issue in this case was not prompted by any police interrogation.   The officer testified that the victim came running up to the police car as he and his partner pulled into the gas station and told them that Cooper came up to him, stuck a gun in his face and told him to "lay it down."   Because there was no testimony that the victim's statement had been prompted by police interrogation, we consider only the victim's primary purpose in making the statement.

**{¶ 7}**  Viewed from the victim's standpoint, the statement was testimonial because any ongoing emergency had ended.  Cooper was safely ensconced inside the gas station store, held there for his protection after being beaten by the victim and his friend.   There was no testimony that Cooper possessed a gun while he waited inside the gas station or posed any further threat to the victim.   The evidence showed that a crowd had gathered around the victim outside the gas station as he waited for the police, so there was no likelihood that Cooper posed any threat to the victim.   Indeed, if a threat existed, it was the threat that the victim and his friend posed to Cooper.   Given these circumstances, anything the victim said to the police once they arrived must have been intended to assist them in arresting and prosecuting Cooper and was not intended to address an ongoing emergency.

**{¶ 8}**  If the statement was testimonial in nature, Cooper's confrontation rights required that he be allowed to cross-examine the declarant.   With the victim's absence

from trial, cross-examination was not possible, so the court erred by allowing the officer to testify to the hearsay.

{¶ 9} Our finding that the court erred by allowing the officer to testify to the hearsay statement by the victim does not end our inquiry, however, because the error in admitting that statement was harmless beyond a doubt. *State v. Lee*, 162 Ohio App.3d 648, 2005-Ohio-3395, 834 N.E.2d 825 (1st Dist.), at ¶ 11. An error is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. *State v. Bayless*, 48 Ohio St.2d 73, 106, 357 N.E.2d 1035 (1976). In his signed statement, Cooper admitted to attempting the robbery by reaching into the car and demanding that the victim "give me everything." Although Cooper denied that he used a gun during the commission of the robbery, he conceded in his statement that there was a gun "on the ground as the fight was going on between me and the guys." He described the gun as "black" and "little." The police were directed to a gun matching that description that was placed in a trash can by the entrance to the store.

{¶ 10} The evidence of the gun arose separately from any statements made by the non-testifying victim. Although Cooper denied using a gun, it was undeniable that one was present on the scene. In any event, Cooper does not challenge the evidence supporting his conviction for robbery, an offense that unlike the original charge of aggravated robbery, did not require the jury to find that he used a gun during the commission of the offense. It follows that the admission of testimonial statements about Cooper's use of a gun made by the non-testifying victim was harmless.

II

{¶ 11} At the close of the evidence, the court agreed to instruct the jury on robbery as a lesser included offense of the original charge of aggravated robbery. Cooper sought an additional instruction on the lesser included offense of attempted theft, but the court denied the request, a decision that Cooper maintains was error.

{¶ 12} The court may consider instructing the jury on a lesser included offense if (1) the lesser offense is a lesser-included offense of the charged offense, and (2) the evidence when viewed in a light most favorable to the defendant would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus; *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 37. Because a determination of whether the evidence might reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense requires weighing of the evidence, the court's decision to charge on a lesser included offense is reviewable only for an abuse of discretion. *State v. Mitchell*, 53 Ohio App.3d 117, 120, 559 N.E.2d 1370 (8th Dist.1988).

{¶ 13} In *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, the supreme court held that:

> In determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as

statutorily defined also being committed. (*State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, clarified.)

The "clarification" consisted of removing the word "ever" from the second part of the *Deem* test. *Id.* at ¶ 25.

{¶ 14} This "clarification" has not necessarily served to reconcile past decisions by the supreme court.

{¶ 15} In *State v. Carter*, 89 Ohio St.3d 593, 2000-Ohio-172, 734 N.E.2d 345, the supreme court applied the *Deem* test to find that theft is not a lesser included offense of aggravated robbery because robbery could be committed by an attempt whereas theft could only be committed by actually obtaining or exerting control over the property of another.

{¶ 16} In *State v. Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595, the supreme court distinguished *Carter* and held that "[t]heft, as defined in R.C. 2913.02, is a lesser included offense of robbery, as defined in R.C. 2911.02." *Id.* at paragraph two of the syllabus.

{¶ 17} And in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, the supreme court held that "[r]obbery as defined in R.C. 2911.02(A)(2) is a lesser included offense of aggravated robbery as defined in R.C. 2911.01(A)(1)." *Id.* at paragraph one of the syllabus.

{¶ 18} These decisions led Justice Pfeiffer, in his dissenting opinion in *Smith*, to note that "the law in Ohio now says that theft is a lesser included offense of robbery but that theft is not a lesser included offense of aggravated robbery. Welcome to

Wonderland." *Smith*, at ¶ 35 (emphasis omitted). When presented with the same question posed by Cooper, the Ninth District Court of Appeals found that *Smith* "implicitly overruled the decision in *State v. Carter*." *See State v. Smith*, 9th Dist. No. 2008-T-0023, 2008-Ohio-6998, 2008 WL 5429204, at ¶ 98. The Ninth District stated:

> We believe we are bound to apply the new test set forth in *State v. Smith* to the analysis of whether theft is a lesser-included offense of aggravated robbery, irrespective of the Supreme Court's prior decision in *State v. Carter*.

This is because the Carter decision was decided prior to the Supreme Court of Ohio's clarification of the *Deem* test in *State v. Smith*.

> Aggravated robbery may be committed when an offender engages in prescribed conduct while committing a theft offense or attempting to commit a theft offense. R.C. 2911.01. Thus, the aggravated robbery statute contains an element that may be proved alternatively. We are required to apply the second prong of the *Deem* test "to each alternative method of committing the greater offense." *State v. Smith*, 117 Ohio St.3d 447, 884 N.E.2d 595, 2008-Ohio-1260, at ¶ 28. We adopt the following analysis of the Supreme Court of Ohio in *State v. Smith*, only that we modify it to also apply to aggravated robbery:

> "If these two alternatives are essentially treated as separate offenses, then fifth-degree felony theft is a lesser included offense of [aggravated] robbery as statutorily defined in the alternative of [aggravated] robbery by theft, because it would be impossible to ever commit [an aggravated] robbery by theft without also committing a theft.

> "Accordingly, theft, as defined in R.C. 2913.02, is a lesser included offense of [aggravated] robbery, as defined in [R.C. 2911.01]." *State v. Smith*, 117 Ohio St.3d 447, 884 N.E.2d 595, 2008-Ohio-1260, at ¶28-29. *Id.* at ¶ 94-97.

{¶ 19} We agree with the Ninth District that the supreme court's most recent decisions justify the conclusion that *Carter* was impliedly overruled by *Smith*. To find

otherwise would require us to reconcile holdings that robbery is a lesser included offense of aggravated robbery; that theft is a lesser included offense of robbery; but that theft is not a lesser included offense of aggravated robbery. If we assume that *Carter* was overruled *sub silentio* in *Smith*, the case decisions can be reconciled. We therefore make that assumption and find, consistent with the Ninth District's decision in *Smith*, that theft is a lesser included offense of aggravated robbery.

{¶ 20} We must next determine whether the court abused its discretion by concluding that there was an insufficient basis for finding that the jury could reasonably find Cooper not guilty of aggravated robbery, but guilty of theft. Cooper was charged with aggravated robbery under R.C. 2911.01(A)(1), which states that no person, in attempting or committing a theft offense, "shall have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]" Cooper sought an instruction on attempted theft under R.C. 2913.02(A)(1) which states that no person, with purpose to deprive the owner of property or services, "shall knowingly obtain or exert control over either the property or services without the consent of the owner or person authorized to give consent."

{¶ 21} In his statement to the police, Cooper admitted that he reached into the car in an attempt to rob the victim, an act verified by the security tape offered into evidence. This act, coupled with his admission that he told the victim to "lay it down" was evidence of force. As the Committee Comment to R.C. 2911.02 states, "the difference between

theft and robbery is an element of actual or potential harm to persons." The affirmative act of reaching into the car and ordering the victim to surrender his money contained an implied threat of potential harm to the victim if he did not comply with Cooper's order. On this basis alone, the court could rationally find that the evidence did not support an instruction on mere theft.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR