[Cite as *State v. Kwiatkowski*, 2015-Ohio-3196.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-14-1102

     Appellee                                Trial Court No. CR0201302785

v.

Michael Kwiatkowski                      **DECISION AND JUDGMENT**

     Appellant                               Decided:  August 7, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michael Kwiatkowski, appeals the judgment of the Lucas County

Court of Common Pleas, following a jury trial, which convicted him of one count of

aggravated assault in violation of R.C. 2903.12, a felony of the fourth degree.  Appellant

contends that the trial court erred in its instructions to the jury. For the reasons that follow, we affirm.

{¶ 2} On October 17, 2013, the Lucas County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree. The charges stemmed from an incident wherein appellant chased down and punched and kicked a person who appellant believed was stealing from him. Appellant entered a plea of not guilty and the matter proceeded to a three-day jury trial. The jury returned a verdict of not guilty on the charge of felonious assault, but did find appellant guilty of the inferior degree offense of aggravated assault. The jury also found appellant not guilty of aggravated robbery. At sentencing, the trial court imposed a sentence of three years of community control.

{¶ 3} Appellant has timely appealed the trial court's judgment of conviction, raising one assignment of error for our review:

> 1. The trial court committed plain error when it instructed the jury: "If you are unable to agree on a verdict of either guilty or not guilty of felonious assault, the [*sic*] you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of the lesser-included offense of aggravated assault."

2.

## Jury Instruction

{¶ 4} As noted by appellant, because defense counsel did not object at the time the jury instructions were given, this appeal calls for a plain-error analysis under Crim.R. 52(B). *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45.

{¶ 5} It is well-settled that "[a] trial court is obligated to provide jury instructions that correctly and completely state the law." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 22. However, an incorrect jury instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*

{¶ 6} In support of his assignment of error, appellant argues that the instruction given to the jury regarding felonious assault and aggravated assault was logically flawed and led to an inconsistent jury verdict. Appellant specifically cites the court's instruction:

> If you find that the State proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault in count one, your verdict must be guilty as to such offense of felonious assault in count one, according to your findings. If you find that the State failed to prove beyond a reasonable doubt all of the essential elements of the offense of felonious assault in count one, your verdict must be not guilty as to such offense of

3.

felonious assault in count one, according to your findings. If you are unable to agree on a verdict of either guilty or not guilty of felonious assault then you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all of the essential elements of the lesser included offense of aggravated assault.

{¶ 7} Notably, "[a] jury instruction must be considered in its entirety and, ordinarily, reversible error does not consist of misstatements or ambiguity in a part of the instruction." *Hayward v. Summa Health Sys. / Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26. Here, as the state points out, appellant cites only the first portion of the jury instruction, and omits the trial court's further explanation following its description of the elements of aggravated assault:

> If you find that the State proved beyond a reasonable doubt that the Defendant knowingly caused serious physical harm to another, and you also find that the Defendant did not act while under the influence of sudden passion or a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the Defendant into using deadly force, then you must find the Defendant guilty of felonious assault. If you find that the State proved beyond a reasonable doubt that the Defendant knowingly caused serious physical harm to another and you also find that the Defendant acted while under the influence of sudden passion or a sudden fit of rage, either of

which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the Defendant into using deadly force, then you must find the Defendant guilty of aggravated assault. If you are unable to agree on a verdict of guilty or not guilty to the offense of aggravated assault, then you will continue your deliberations to decide whether or not the State has proved beyond a reasonable doubt all of the essential elements of the lesser included offense of assault.

Thus, we will base our determination of whether plain error exists on the full instruction from the trial court.

{¶ 8} In his brief, appellant correctly asserts that aggravated assault is not a lesser-included offense of felonious assault, but rather is an inferior degree of felonious assault that requires proof of an additional element. *See State v. Miller*, 10th Dist. Franklin No. 10AP-632, 2011-Ohio-952, ¶ 30; *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph two of the syllabus ("An offense is an 'inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements."). Indeed, felonious assault prohibits a person from knowingly causing serious physical harm to another. R.C. 2903.11(A)(1). Aggravated assault also prohibits a person from knowingly causing serious physical harm to another, but adds that the person is "under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into

5.

using deadly force." R.C. 2903.12(A). Because the same elements of felonious assault are included in aggravated assault, appellant contends that if the jury could not find beyond a reasonable doubt that he was guilty of felonious assault, then it is impossible for the jury to have found that he was guilty of aggravated assault. Therefore, appellant concludes that the jury instructions were a misstatement of law, which confused the jury, leading to an inconsistent verdict.

{¶ 9} In reaching his conclusion, appellant cites *State v. Ruppart*, 187 Ohio App.3d 192, 2010-Ohio-1574, 931 N.E.2d 627 (8th Dist.), in which the Eighth District held that the trial court's instruction on felonious assault and aggravated assault constituted plain error. In that case, the defendant was charged with two counts of felonious assault. The trial court instructed the jury:

> Here's where I'm hoping it makes sense. So Counts 1 and 2, if you find guilty on Count 1 or 2, or both, you have to go to self-defense. If you find there is self-defense, then you've finished your deliberations. If you found not guilty or cannot reach a verdict on Counts 1 and 2, then you're going to move on past self-defense because it's not an issue then to what we call an inferior degree lesser included offense, aggravated assault. * * *
>
> Guilty as charged. If you find that the state proved beyond a reasonable doubt all the essential elements of the offenses in this case, offenses of felonious assault as charged in Count 1 and/or Count 2 of the indictment, your verdict must be guilty as charged.

6.

Does everybody understand that? You would not get to this page or this form [aggravated assault] if you have reached a guilty verdict on Count 1 and/or Count 2. Does everybody understand that?

Guilty of an inferior degree or lesser included offense. If you find that the state failed to prove beyond a reasonable doubt all the essential elements of felonious assault in Counts 1 and 2 of the indictment, then your verdict must be not guilty of those offenses. In that event, or if you're unable to unanimously agree, you will continue your deliberations to decide whether the state has proved beyond a reasonable doubt all the essential elements of the inferior degree offense of aggravated assault in violation of R.C. 2903.12(A)(1) and/or (A)(2). *Id.* at ¶ 10-13.

{¶ 10} The Eighth District held that the trial court's instruction constituted plain error. The court reasoned that the instructions incorrectly directed the jury to consider aggravated assault only if it found that the state had not proven all of the elements of felonious assault, as opposed to the correct instruction which would be to consider aggravated assault only if it found that the state *had* proven all of the elements of felonious assault. The Eighth District quoted the Ohio Jury Instructions for a more appropriate instruction:

(A) If you find that the state failed to prove beyond a reasonable doubt that the defendant knowingly (caused serious physical harm to [insert name of victim]) (caused or attempted to cause physical harm to [insert

name of victim] by means of a deadly weapon or dangerous ordnance), then you must find the defendant not guilty.

(B) If you find that the state proved beyond a reasonable doubt that the defendant knowingly (caused serious physical harm to [insert name of victim]) (caused or attempted to cause physical harm to [insert name of victim] by means of a deadly weapon or dangerous ordnance), and you find that the defendant failed to prove by the greater weight of the evidence that he/she acted while he/she was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, then you must find the defendant guilty of felonious assault.

(C) If you find that the state proved beyond a reasonable doubt that the defendant knowingly (caused serious physical harm to [insert name of victim]) (caused or attempted to cause physical harm to [insert name of victim] by means of a deadly weapon or dangerous ordnance), but you also find that the defendant proved by the greater weight of the evidence that he/she acted while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, then you must find the defendant guilty of aggravated

assault. *Id.* at ¶ 34-36, quoting *Ohio Jury Instructions*, CR Section 503.11(A)(14) (Rev. Dec. 11, 2010).

{¶ 11} Here, we note that the state concedes that the jury instructions given by the trial court could have been more artfully drawn. Nevertheless, we hold that the trial court's instructions do not rise to the level of plain error. Unlike the instructions in *Ruppart*, the trial court did not instruct the jury to consider aggravated assault only if it found appellant not guilty of felonious assault. Furthermore, the court's instructions in this case clarified the relationship between felonious assault and aggravated assault. Similar to the Ohio Jury Instructions, the jury was instructed that it must find appellant guilty of felonious assault if it concluded that the state proved the elements beyond a reasonable doubt and appellant was not acting under the influence of sudden passion, and it must find appellant guilty of aggravated assault if it concluded that the same elements were proven but appellant was acting under the influence of sudden passion. Therefore, to the extent the court erred in its instruction, we hold that such error did not confuse the jury and did not result in a manifest miscarriage of justice.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

{¶ 13} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant's bond is revoked. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____

James D. Jensen, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.